# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JULIUS JAMES LARRY, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV423-172 |
| | ) |
| NOAH ABRAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Julius James Larry, IV filed this 42 U.S.C. § 1983 case, alleging that various defendants violated his rights during a 2014 state-court prosecution. *See* doc. 1 at 5-10. The Court previously granted him leave to proceed *in forma pauperis*, doc. 5, and afforded him additional time to submit the required forms and amend his Complaint, *see* doc. 9. He has submitted the forms to proceed *in forma pauperis*. Docs. 10 & 11. His deadline to submit his amended pleading is pending. *See* doc. 9 at 3. However, the Court has become aware that Larry has lied to the Court by misrepresenting his litigation history. Although, as discussed below, the Court does not find that his prior cases preclude his

1

proceeding *in forma pauperis*, his omission of his litigation history merits dismissal of this case as malicious.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The Court has identified at least three of Larry's prior cases that could count as "strikes" under § 1915(g). *See Larry v. Mercer,* 2015 WL 9917185, at *2 (11th Cir. Nov. 17, 2015) (dismissing appeal as frivolous); *Larry v. Mercer*, CV415-038, doc. 8 (S.D. Ga. Apr. 21, 2015) (recommending dismissal for failure to state any claim), *adopted* doc. 11 (S.D. Ga. May 6, 2015); *Larry v. Abrams*, CV415-046, doc. 8 (S.D. Ga. Apr. 21, 2015) (recommending dismissal for failure to state a claim), *adopted* doc. 19 (S.D. Ga. Sept. 23, 2015).

The Eleventh Circuit has recently explained that when evaluating whether prior dismissals resulted in a strike, courts "look to the prior order that dismissed the action . . . and the reasons the court gave for dismissing it." *Wells v. Brown*, 58 F.4th 1347, 1358 (11th Cir. 2023). "In other words, we must interpret the prior order of dismissal and figure out what the dismissing court actually did. The dismissing court must give some signal that the action was dismissed because it was [frivolous,] malicious, or failed to state a claim." *Id.* at 1358-59; *see also id.* at 1358 (discussing *Daker v. Comm'r, Ga. Dept. of Corrs.*, 820 F.3d 1278 (11th Cir 2016), establishing the analysis for dismissals on frivolity grounds). Moreover, *Wells* cautions that courts "must interpret the order of dismissal and figure out what the court actually did rather than make a *present-day* determination about what the district court could or should have done." *Id.* at 1360 (quoting *Daker*, 820 F.3d at 1284 (internal quotations omitted)).

The Eleventh Circuit's opinion in *Larry v. Mercer* expressly dismisses his appeal as "frivolous," and recognizes that the District Court dismissed his Complaint for failure to state a claim. *See* 2015 WL 9917185, at *1, *3. That's two strikes. The Court's dismissal of *Larry*

3

*v. Abrams* does not provide an overarching explanation for dismissing the case. *See generally* CV415-046, doc. 8. A portion of that case was dismissed on abstention grounds. *See id.* at 3-4. Other claims were dismissed based on the defendants' immunity. *See id.* at 6-8. His request to " 'quash' his indictment and 'dismiss[ ] all charges' against him," was dismissed as relief that was not available under 42 U.S.C. § 1983. *Id.* at 8. Finally, "[t]he sole reviewable claims" were dismissed because "Larry . . . failed to plead an essential component" of those claims. *Id.* at 4-6. The Court never used the precise language contemplated by § 1915(g) in dismissing the various claims. *See generally id.*

Despite the lack of specific language in the discrete analysis of the claims, discussed below, the Court began by stating that it was required to screen complaints "for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient." CV415-046, doc. 8 at 2. It then announced that it would "examine the complaint to determine whether it states a colorable claim for relief." *Id.* *Wells* recognized a similar structure, that "did not use any magic words in dismissing the action," as providing a sufficient

"signal." 58 F.4th at 1359-60 ("By making an express statement that it was reviewing the complaint to see if it was frivolous, malicious, or failed to state a claim—and then dismissing the complaint upon completing that review—the dismissing court gave some signal in its order that it dismissed the action under one of the grounds set out in the three-strikes rule.").

Despite the "signal," the claim-specific analysis complicates the issue. As *Wells* noted "[j]ust because a court dismiss an action under the Act's screening requirements doesn't mean that it's a strike[,] . . . because it may have been dismissed for a reason other than that the action was frivolous, malicious, or failed to state a claim. For example, a district court may screen a complaint but then dismiss it for lack of jurisdiction." 58 F.4th at 1360. Moreover, *Wells* rejects the notion that "mixed dismissals," that is, dismissals based on § 1915(g) grounds and non-§ 1915(g) grounds, count as strikes. *See id.* at 1361. That brief discussion suggests that a dismissal only counts as a strike if it *both* disposes of the *action*, as a whole, and relies exclusively on § 1915(g) grounds, *i.e.* that the claims were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see also*

5

*Wells*, 58 F.4th at 1361; *Escalera v. Samaritan Village*, 938 F.3d 380, 382 (2d Cir. 2019) ("The majority of circuits that have addressed this issue agree that strikes are limited to 'actions and appeals,' and that dismissal of some but not all of the multiple claims in a complaint on a § 1915(g) ground cannot constitute a strike." (citations omitted)); *Carbajal v. McCann*, 808 F. App'x 620, 630 (10th Cir. 2020) ("A dismissal generally only counts as a strike if all the claims in the action are dismissed on a § 1915(g) ground." (citing *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012)). Despite the "signal" that the Court dismissed Larry's prior case on § 1915(g) grounds, therefore, the Court must consider the specific analysis.

First, the Court's statement that Larry "failed to plead an essential component" of his claim, CV415-046, doc. 8 at 6, is a clear signal that it was dismissed for failure to state a claim. *See Wells*, 58 F4th at 1359 ("The signal could include, for example, some statement that the dismissal was based on [R]ule 12(b)(6), that the allegations did not plausibly state a claim, that the complaint failed to give a short and plain statement showing that the plaintiff is entitled to relief as required by [R]ule 8, or that the complaint fell short under *Bell Atlantic Corp. v.*

6

*Twombly*, . . ., and *Ashcroft v. Iqbal*, . . . ." (citations omitted)). That disposition is clearly on a § 1915(g) ground.

The Eleventh Circuit has not expressly considered the status of immunity-based dismissals for § 1915(g) purposes, but the Ninth Circuit recently held that, although "dismissals on immunity grounds are not generally strikes under § 1915(g)[,] . . . there are two exceptions to this rule: (1) where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim, and (2) where an affirmative defense like immunity is so obvious that the suit is frivolous." *Ray v. Lara*, 31 F.4th 692, 698 (9th Cir. 2022) (internal citations and quotations omitted). That analysis corresponds almost exactly to the Eleventh Circuit's consideration of dismissals for failure to exhaust administrative remedies in *Wells*. See 58 F.4th at 1356-57. The dismissal of Larry's prior case found the prosecutor defendants were immune based solely on the allegations of the Complaint. See CV415-046, doc. 8 at 6-7. The Court concludes, therefore, that the dismissal was, in fact, for failure to state a claim.

The Court's dismissal of Larry's claim for release from his confinement is less clear. The Court explained that "Larry may not use § 1983," to secure release from his confinement. *See* CV415-036, doc. 8 at 8. Dismissal of a claim because the requested relief is not available is simply another way of saying that the allegations fail to state a claim upon which relief can be granted. *See, e.g., Taylor v. Burton*, 2022 WL 3699511, at *4 (W.D. Mich. Aug. 26, 2022) (dismissing "claim seeking release from custody *because it fails to state a claim for relief* under § 1983." (emphasis added)). Alternatively, the recognition that the requested relief is not available might be a "signal" that the claim "lacks an arguable basis in law or fact," *i.e.* that it is frivolous. *See Daker*, 820 F.3d at 1284 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (internal quotation marks omitted). Given the announcement that the court "examine[d] the complaint to determine whether it states a colorable claim for relief," doc. 8 at 2, the Court concludes that Larry's claim seeking release was dismissed for failure to state a claim or because it was frivolous.

The Order dismissing Larry's prior case also invoked the abstention principles articulated in *Younger v. Harris*, 401 U.S. 37 (1971), as a basis

for its abstention from intervening in his pending criminal case. *See* CV415cv046, doc. 8 at 3-4. Although the nature of a dismissal on abstention grounds, for purposes of § 1915(g), has not been directly addressed by the Eleventh Circuit, it is consistently recognized as outside the statute's purview. The courts of appeals that have considered the question have unanimously held that "a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA." *Washington v. Los Angeles Cnty. Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016); *see also Carbajal*, 808 F. App'x at 629-30. To the extent that the prior case was dismissed on abstention grounds, therefore, it does not count as a strike.

Since the Court's dismissal of CV415-046 was based on both § 1915(g) grounds and non-qualifying abstention grounds, the Court concludes that it does not count as a strike. Accordingly, when Larry filed this case, he only had two § 1915(g) strikes. He was not, therefore, precluded from proceeding *in forma pauperis*.

Despite not being subject to the three-strikes bar, Larry's misrepresentation of his litigation history merits dismissal. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of

complaint where prisoner failed to accurately disclose previous litigation). In response to the form Complaint's questions concerning prior lawsuits, Larry states that he has not filed any. *See* doc. 1 at 1-2. As discussed above, he has, in fact, filed several lawsuits in this District. Moreover, Larry signed his Complaint under penalty of perjury. *See id.* at 10. Dismissal as a sanction for selective disclosure, much less wholesale misrepresentation, is well established in this District. *See, e.g., Brown v. Wright*, CV111-044, doc. 12 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*, CV605-094, doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd,* 197 F. App'x 818 (11th Cir. 2006). Given his clear misrepresentation of his litigation history, under penalty of perjury, his Complaint should be **DISMISSED** as malicious. *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." (citation omitted)).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule

72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 2nd day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA