IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JULIUS JAMES LARRY, IV, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-172 |
| v. | |
| NOAH ABRAMS, et al. | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 12), to which plaintiff has filed an objection, (doc. 14). The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Magistrate Judge recommended that Larry's case be dismissed for his failure to fully disclose his litigation history. (See doc. 12, pp. 9-10.) Larry's Objection protests that his failure was not willful. (See doc. 14, p. 2.) As explained below, the Court rejects Larry's assertion that his vague reference to "mental illness" excuses his failure to disclose his litigation history. However, even if the Court accepted his explanation, his operative complaint remains subject to dismissal for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1). Larry has also filed a request for court-appointed counsel and to amend his Complaint. (Doc. 15.) As explained below, those Motions are **DENIED**. (Doc. 15.)

First, Larry is not entitled to court-appointed counsel. His Motion requests counsel

because his "mental illness may hinder the Courts and the actions before the Court relating to Plaintiff." (Doc. 15, p. 4.) He also points out that he "informed" the Court of his mental health problems in his Complaint. (Id.) There is, however, no mention of any mental illness in Larry's Complaint. (See generally doc. 1.) He filed a Motion to Amend his Complaint which also does not mention any mental illness. (See generally doc. 6.) The first mention of mental illness is in an Amended Complaint, received by the Clerk several days after the Magistrate Judge entered his Report and Recommendation.[1] (See doc. 13, p. 5.) Moreover, the mental illness, "anxiety, [and] depression," are listed only as "injuries" resulting from the alleged procedural defects which Larry asserts tainted his prosecution. (Id., p. 5.) As serious as those diagnoses may be, it is not clear how they are alleged to interfere with Larry's ability to prosecute this case. Regardless, upon review of his pleadings, appointment of counsel is not warranted.

Larry has no constitutional right to counsel in this civil case. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." Holzclaw v. Milton,

---

[1] The Amended Complaint was signed on July 31, 2023. (Doc. 13, p. 23.) Pursuant to the "prison mailbox rule," then, it is deemed filed on that date.

2

2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).  General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel.  See, e.g., Brown v. Wilcher, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).  Finally, conclusory allegations of mental illness do not require appointment of counsel.  See, e.g., Kidwell v. Wagoner, 2011 WL 13175897, at *1 (M.D. Fla. Feb. 11, 2011).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help."  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).  Larry's pleadings appear to adequately present his position, despite the defects identified by the Magistrate Judge and those discussed below.  There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel.  Fowler, 899 F.2d at 1096.  His request for court-appointed counsel is, therefore, **DENIED**.  (Doc. 15, in part.)

Larry contends that the Magistrate Judge erred when failed to "consider[ ] the Plaintiff's condition (mental illness)," when he recommended that this case be dismissed for Larry's failure to disclose his litigation history.  (See doc. 14, p. 2.)  As the above summary of Larry's filings prior to the Magistrate Judge's Report and Recommendation establishes, that assertion fails, first, because Larry never indicated that he suffered from any mental illness until after entry of the Report and Recommendation.  Moreover, even in the Amended Complaint that discloses Larry's "mental illness," his disclosed litigation history remains incomplete.  (See doc. 13, pp. 8-10.)  Finally, Larry's attempt to connect his failure to disclose his litigation history with his alleged

3

diagnoses with anxiety and depression is simply not convincing. His assertion that "confusion or faulty memory does not show any malicious intent towards any defendants to cause a dismissal of Plaintiff's Complaint," points to no authority that a finding of subjective malice is necessary. (Doc. 14, p. 2.) The Eleventh Circuit has recently affirmed that "[a]n action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." Allen v. Santiago, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023). Larry also moved to amend his complaint to disclose additional cases. (See doc. 15, pp. 1-3.) Any such disclosure, however, does not excuse Larry's failure to disclose those cases originally, and, moreover, as explained below, his Amended Complaint fails to state any claim upon which relief can be granted. His Motion to Amend is, therefore, **DENIED** as futile. (Doc. 15, in part); see also Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (leave to amend was properly denied "when the complaint as amended would still be properly dismissed . . ."). Accordingly, Larry's Objection, (doc. 14), is **OVERRULED** and the Report and Recommendation, (doc. 12), is **ADOPTED**.

Even if the Court accepted Larry's argument that his failure to disclose his litigation history should be excused, his various pleadings fail to state any claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). As relevant here, whether a complaint fails to state a claim is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), i.e., "if the allegations, taken as true, show the plaintiff is not entitled to

4

relief." Jones v. Bock, 549 U.S. 199, 215 (2007).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice."  Twombly, 550 U.S. at 555.  Since Larry has filed an amended complaint as a matter of course, (see doc. 13); see also Fed. R. Civ. P. 15(a), it "supersedes the initial complaint and becomes the operative pleading in the case."  Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

Larry's Amended Complaint alleges that several Savannah Police Department officers "from October 8, 2014 until the present date," have withheld evidence favorable to him in what appears to be a state court prosecution.  (See doc. 13, p. 15.)  He has also named as defendants several prosecutors, including former Chatham County District Attorney Meg Heap, for misrepresenting evidence before the grand jury.  (Id.)  He also names several Chatham County Superior Court judges for failing to correct alleged procedural defects in his indictment and prosecution.  (Id., pp. 16-17.)  For good measure, he alleges that several defendants deprived him of his right "to not be misrepresented by status as a legal fiction instead of a living being to be prosecuted by an invalid process of obtaining a bill without substance being established . . . ." (Id., p. 18.)  As discussed below, all of his claims are fatally flawed.

First, it is well-established that prosecutors are immune from § 1983 liability for actions taken in their prosecutorial capacity.  As the Eleventh Circuit has recently summarized:

> Prosecutors enjoy absolute immunity from suit under § 1983 for exercising prosecutorial functions as an advocate for the state.  See Rehberg[ v. Paulk,] 611 F.3d [828,] 837-38 [(11th Cir. 2010)].  This immunity extends to "all activities that are intimately associated with the judicial phase of the criminal process," including the initiation or continuation of a prosecution, appearances before grand juries or in other judicial proceedings, and the presentation of evidence.  Id. (quotation

> marks omitted). It also covers the preparation for those activities, including the evaluation of evidence and information. Id. at 838; see Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The purpose of the doctrine is to remove "impediments to the fair, efficient functioning of a prosecutorial office," even at the cost of "depriv[ing] a plaintiff of compensation that he undoubtedly merits." Van de Kamp v. Goldstein, 555 U.S. 335, 348 (2009).

Ward v. Chafin, No. 22-12993, 2023 WL 2661527, at *2 (11th Cir. Mar. 28, 2023). Given that Larry's allegations against the prosecutor defendants are wholly conclusory, (see doc. 13, p. 15), it is dubious, at best, that Larry merits any compensation at all, but given that those allegations implicate the defendants' prosecutorial functions, they enjoy immunity against those claims, regardless of the claims' merit.

Larry's claims against the judicial defendants also fail because those defendants are immune. Judges are immune from actions taken in their judicial capacities. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Judges are immune from suit even where their actions are allegedly in error, malicious, or exceeded their jurisdiction. See Stump, 435 U.S. at 356; Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Again, the Eleventh Circuit has recently explained that judges who "were preforming acts constituting normal judicial functions, ruling on matters pending before them, in response to motions or appeals, either in a hearing, written order, or opinion," enjoy absolute immunity. Otero v. NewRez, LLC, 2024 WL 325341, at *3 (11th Cir. Jan. 29, 2024). Larry's allegations against the judicial defendants are simply his disagreements with their determinations on the sufficiency of his indictment. (See doc. 13, pp. 16-17.) As above, regardless of the merits (or the lack of any discernable merit), the judicial defendants enjoy absolute judicial immunity against Larry's claims.

The law enforcement defendants are not immune; however, his claims against them appear time barred. Section 1983 claims, in Georgia, are generally subject to a two-year statute of

limitations. See O.C.G.A. § 9-3-33; Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). That period begins to run when the facts supporting the cause of action are or should be reasonably apparent to the plaintiff. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). Larry alleges that the law enforcement defendants withheld exculpatory evidence and proffered manufactured evidence in 2014. (Doc. 13, p. 15.) Thus, the statute of limitations would have run years before he filed this case. His allegations imply that he knew about that conduct in 2014. (See id.) His conclusory assertion that the violations are ongoing suggests an attempt to invoke what is often referred to as the "continuing violation doctrine," which "permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period. [Cit.] The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of that violation into the present which does." Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., Ga., 559 F. Supp. 3d 1345, 1365 (S.D. Ga. 2021). For violations allegedly occurring in the context of a criminal investigation and prosecution, "any subsequent detention constitutes an ill effect . . . and thus is not independently actionable." Oglesby v. Smith, No. 6:19-cv-29, 2020 WL 265924, at *5 (S.D. Ga. Jan. 17, 2020) (internal quotation marks and citation omitted). Any ongoing injury does not, therefore, serve to extend the applicable limitations period. Id.

Even if Larry's claim against the law enforcement defendants were not time barred, his allegations make clear that he cannot state any claim. The allegation of illegitimate instigation or continuation of a criminal prosecution implicates a § 1983 malicious prosecution claim. See Heck v. Humphrey, 512 U.S. 477, 484 (1994). One of the essential elements of a such a claim "is termination of the prior criminal proceeding in favor of the accused." Id. Larry specifically

alleges that he presented the claims asserted in his Complaint "by Habeas Corpus complaint," but "[i]t was denied."  Doc. 13 at 8.  It does not appear, therefore, that he could allege the favorable termination required for a viable malicious prosecution claim.  Moreover, Heck established that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, [cit.]."  512 U.S. at 486-87.  Larry's claim, therefore, also appears barred, to the extent that the conduct alleged appears to implicate the validity of his conviction and in the absence of any allegation that his conviction has been overturned in any way.

However, the tentative nature of the conclusions above is required because Larry's allegations are simply too conclusory and vague for the Court to make a definitive determination.  As such, they are insufficient to state any claim upon which relief may be granted.  As the Supreme Court has explained, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  Stripped of conclusory legalistic jargon, Larry alleges that the law enforcement defendants "continue to withhold and suppress impeachment / exculpatory evidence from," him and "used created / misrepresented photos of alleged mark[ed] money without a time and date," or "used photos without a time and date to represent alleged marked money without any marked money to verify such photos . . . ."  (Doc. 13 at 15, 20.)  Those allegations are precisely the kind of "naked assertions devoid of further factual enhancement," that the Supreme Court has recognized as insufficient to state a claim.  Id. at 678.

Finally, Larry's allegation that his rights have been violated because he has been "misrepresented by status as a legal fiction instead of a living being," (doc. 13, p. 18), is indicative of the wholly discredited "sovereign citizen" theory. The United States Court of Federal Claims has summarized the bizarre tenants of the theory as founded on the belief "that when the government began issuing legal tender in 1933, all citizens were pledged as collateral for the national debt resulting from the loss of value from the gold standard." Wood v. United States, 161 Fed. Cl. 30, 34 (2022) (internal quotation marks and citations omitted). Under the theory, "[a]ll Sovereign Citizens therefore have two identities: a real 'private' individual and a fictional 'public' person." Id. The former identity is often indicated by an assertion that the adherent is "a living Human being" or "living soul," or "flesh-and-blood human being," somehow beyond the jurisdiction of the courts. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); Wallace v. Brawner, No. 4:21-cv-201, 2022 WL 16702801, at *1 (S.D. Ga. Nov. 3, 2022). As the Seventh Circuit has succinctly stated: "These theories should be rejected summarily, however they are presented." Benabe, 654 F.3d at 767.

In summary, Larry's Objection is **OVERRULED**.  (Doc. 14.)  The Magistrate Judge's Report and Recommendation is **ADOPTED**, as supplemented above.  (Doc. 12.)  Larry's Complaint is **DISMISSED** as malicious because he failed to accurately disclose his litigation history.  Alternatively, his Amended Complaint is **DISMISSED**, as discussed above, pursuant to 28 U.S.C. § 1915A.  His request for appointed counsel is **DENIED**.  (Doc. 15, in part.)  His request to amend his pleading is **DENIED** as futile.  (Doc. 15, in part.)  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 22nd day of March, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA